AO 106 (Rev. 04/010) Application for Search Warrant     AUTHORIZED AND APPROVED/DATE:  2.28.19

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of
*(Briefly describe the property to be search*
*Or identify the person by name and address)*
PROPERTY KNOWN AS:
Assigned call number: (312) 579-5444
IMEI: 354842093463658
IN THE POSSESSION OF:  Verizon Wireless
HEADQUARTERED AT:  180 Washington Valley Road
Bedminster, NJ  07921

Case No. M-19-106-STE

FILED
FEB 28 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY____Rm____, DEPUTY

**APPLICATION FOR SEARCH WARRANT**

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following [Person or Property?] *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is*(check one or more)*:
- ☒  evidence of the crime;
- ☒  contraband, fruits of crime, or other items illegally possessed;
- ☒  property designed for use, intended for use, or used in committing a crime;
- ☐  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 and | Drug conspiracy; and |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute. |

The application is based on these facts:

See attached Affidavit of Special Agent Shan Spain, Drug Enforcement Agency, which is incorporated by reference herein.

- ☒  Continued on the attached sheet(s).
- ☐  Delayed notice of _____ days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Shan Spain*
Applicant's signature

SHAN SPAIN
Special Agent
Drug Enforcement Administration

Sworn to before me and signed in my presence.

Date: __Feb 28, 2019__

*Shon T. Erwin*
*Judge's signature*

City and State: Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (312) 579-5444, WITH INTERNATIONAL MOBILE EQUIPMENT IDENTITY 354842093463658 THAT IS STORED AT PREMISES CONTROLLED BY VERIZON WIRELESS | Case No. M-19-106-STE |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Shan Spain being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (312) 579-5444, with International Mobile Equipment Identity (IMEI) 354842093463658 ("the SUBJECT PHONE"), that is stored at premises controlled by Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.

2. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Verizon Wireless to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. I have been a special agent with the Drug Enforcement Administration (DEA) for over eighteen years. I served as an Oklahoma Highway Patrol Trooper for approximately two and a half years before becoming employed with the DEA. I have received formal training through the DEA, and attended numerous training seminars dealing with the investigation of controlled substances. During my employment in law enforcement, I have been involved in Title III investigations, interviews with

individuals who distribute illegal drugs, management of confidential informants, controlled purchases of illegal drugs, seizure of large quantities of illegal drugs, the execution of search warrants, execution of tracking warrants, and the seizure of large amounts of drug proceeds, and the arrest of individuals distributing illegal drugs. I and agents working under me have experience using historical cell site data to investigate controlled substance offenses, which can help identity the location of a suspect.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 846 and 841(a)(1) have been committed by Enrique Lara (Lara), who was indicted for those crimes on November 7, 2018, in case number CR-18-273-D. The case is set for trial on March 12, 2018. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B.

## PROBABLE CAUSE

6. On October 22, 2018, Lara was arrested in Norman, Oklahoma, by Darin Morgan, a Detective Sergeant with the Norman Police Department's Special Investigations Section Criminal Interdiction Unit. Detective Morgan had observed a yellow tractor trailer parked at a Norman, Oklahoma, hotel parking lot. He noticed that the U.S. Department of Transportation number on the tractor trailer was in the 32 million range, when it should have been in the 3 million range, as the U.S. DOT numbers do not go as high as 32 million. He observed the driver (later identified as Lara) of the tractor trailer (and a female) emerge from the hotel. He spoke with the driver, who provided his bill of lading. Detective Morgan ultimately determined that the bill of lading was fake. Pursuant to Lara's (and the female's) consent, Detective Morgan searched the tractor trailer. Several hours later, he discovered that the tractor trailer's passenger side 150 gallon diesel tank was filled with approximately 1,260 pounds of a liquid that tested positive at a DEA lab for methamphetamine. Lara was arrested that day. As stated above, he was

2

later indicted. Detective Morgan seized the SUBJECT PHONE from Lara, which he was seen using. A forensic analysis of the phone determined that its associated phone number and IMEI are those described in paragraph 1. I am requesting this search warrant to determine Lara's whereabouts in the days and hours leading up to his October 22, 2018 arrest.

7. In my training and experience, I have learned that Verizon Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

8. Based on my training and experience, I know that Verizon Wireless can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Verizon Wireless typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. According to Verizon Wireless's Law Enforcement Guide, they keep the requested data for one year, which would include October 2018.

9. Based on my training and experience, I know that Verizon also collects per-call measurement data, which Verizon Wireless also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based on the speed with

3

which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

10. Based on my training and experience, I know that wireless providers such as Verizon Wireless typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Verizon Wireless typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to further identify the SUBJECT PHONE's user and may assist in the identification of co-conspirators.

11. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

12. I further request that the Court direct Verizon Wireless to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Verizon Wireless, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

_____
Shan Spain
Special Agent
Drug Enforcement Administration

4

Subscribed and sworn to before me on **Feb 28, 2019**, 2019

*Shon T. Erwin*
_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (312) 579-5444, with International Mobile Equipment Identity 354842093463658 ("the Account"), that are stored at premises controlled by Verizon Wireless ("the Provider"), headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period October 1, 2018 through October 23, 2018:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

        i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and

2

        destination telephone numbers (call detail records), email addresses, and IP addresses); and

  ii.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received: as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C. §§ 846 and 841(a)(1) involving Enrique Lara during the period October 1, 2018, through October 23, 2018.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.